UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANNA MARIE KELLY, | ) | CASE NO. 5:06 CV 2071 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| AKRON POLICE DEPARTMENT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 29, 2006, plaintiff pro se Anna Marie Kelly filed the above-captioned action against the Akron Police Department, Department of Public Services Director John Valle, Curtis Howard, Tom Cerne, Police Officer Bryan Banks, Gordon Ward, and Safe Landing Director Sue Hunt. Plaintiff's complaint contains numerous disjointed allegations. She seeks monetary and injunctive relief. Ms. Kelly also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## *Background*

Ms. Kelly's complaint is a collection of individual seemingly unrelated and incoherent claims against multiple defendants. She indicates that her daughter's car was towed in

Philadelphia during the Fourth of July weekend. She states that when she returned from New York in June, her car had been towed from a street in Akron, Ohio so the street could be paved. She claims the street was not fully paved so she feels she should not have to pay the ticket. She indicates she also had to pay to get her car back from towing.

Ms. Kelly also claims that the police department "is overrun with drugs and that they should have random drug screens. ... This towing whole blocks of cars is another act of desperation as is a check point for drinking on Brown Street on a Friday night. Being a part time server, I know the mayor and his company of 700 have left parties dead drunk but of course this is an 'exception.'" (Compl at 3.) She claims "the city is overrun with opium, cocain, heroin and codeine and the police department is the brux [sic] of this situation. When they pick up the lottery money early in the morning and the 'winner's buy private planes to go to Mexico without a search out of Louisville it just goes round and round. The police department and the Masons. The old plantation owners beating and raping slaves." (Compl. at 3.) Ms. Kelly also objects to a sobriety check point set up in close proximity to the University of Akron. She claims that "they know [they] drink at the bars downtown" and contends therefore that the sobriety check point is an act of entrapment. She then states, "I doubt if IRS knows how much money the police are taking in for drugs, women and travel." (Compl. at 5.)

Ms. Kelly also includes allegations pertaining to her daughter's arrest at age 14 for shop lifting. She does not indicate how old her daughter is today or when this arrest took place. She claims her daughter was initially "sent to Dan Street" where she and other female detainees were strip searched and made to lie on the floor in a provocative position. Ms. Kelly believes there must have been a camera because she "cannot think of any other thing this would be used for."

2

(Compl. at 7.) A cell phone was also confiscated by one of the attendants. Ms. Kelly's daughter was sentenced to probation. Mr. Cerne, her probation officer, allegedly informed Ms. Kelly that she owed $ 67.00 in court costs. She claims she'd already paid it and produced a receipt. She claims he kept it for his records.

For relief, Ms. Kelly asks that her car be returned from the towing impound lot, and that she be awarded damages in the amount of $ 100 per defendant. She also requests that there be random drug tests of the police department, and the government at all levels. She wants the IRS to stop police impound auctions, and recommends reduction of parking fines from over $ 100.00 to $ 25.00. She further demands that the police stop collecting lottery funds at stores and gas stations in the middle of the night, and asks that Mr. Cerne be removed from his employment.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to section 1915(e).

As a threshold matter, plaintiff fails to identify any particular constitutional right or federal legal claim she believes to have been violated by the defendants.  She provides a short narrative of facts and then requests relief.  Principles requiring generous construction of pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in her complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base her federal action.

## *Conclusion*

Accordingly, Ms. Kelly's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.

                                               */s/Dan Aaron Polster 11/22/06*
                                               DAN AARON POLSTER
                                             UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.